# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IVELLISSE GONZALEZ<br>Plaintiff<br><br>v.<br><br>REEL HALO, LLC<br>Defendant(s) | CIVIL ACTION NO. 1:21-cv-10996 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

Plaintiff, Ivellisse Gonzalez, by and through her undersigned attorney, brings this action against Defendant, Reel Halo, LLC and allege as follows. This is an action for damages resulting from the Defendant's Negligence and Products Liability failure to warn and provide adequate instruction for appropriate use of the dangerous and defective condition of the Product Ariella Skin Tag Remover and Repair Patch. Plaintiff seeks damages as provided for under the law, as well as attorney's fees and costs.

### PARTIES

1. The Plaintiff, Ivellisse Gonzalez is an individual residing on 509 Broadway, Revere, MA, 02151, Suffolk County, in the Commonwealth of Massachusetts.

2. The Defendant, Reel Halo, LLC a corporation established under the laws of the District of Columbia with a principal place of business and resident agent at 5335 Wisconsin Avenue NW, Suite 440, Washington District of Columbia 20015. Defendant Reel Halo, LLC is in the business of manufacturing, developing, marketing and selling pharmaceutical products, such as Ariella Skin Tag Remover and Repair.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S. Code sec. 1332, in that the amount in controversy is in excess of $75,000 and the parties are from different states – the Plaintiff resides in the Commonwealth of Massachusetts and the Defendant is incorporated under the laws of the District of Columbia.

4. Venue is proper because the Plaintiff resides in Revere, Suffolk County, Massachusetts and the incident in question occurred in the Commonwealth of Massachusetts.

## FACTS COMMON TO ALL COUNTS

5. The incident and Ms. Gonzalez's personal injuries were caused by the negligence and failure of Defendant to adequately warn and instruct users of the severe risks associated with prolonged exposure to the product, as set forth below.

6. On or about May 19, 2020, the Plaintiff purchased the Ariella Skin Tag Remover and Repair Patch from Amazon, Inc. Said product purchased by Plaintiff is distributed by Reel Halo, LLC.

7. Ms. Gonzalez opened and applied the skin tag remover cream to her neck and then removed it approximately twelve to fifteen minutes later.

8. Upon removal, Ms. Gonzalez experienced an extreme burning sensation, subsequently leading to significant burn wounds on her face and neck.

9. The lesions ultimately caused Ms. Gonzalez to report to East Boston Neighborhood Health Center. Due to the severity of the wounds, Ms. Gonzalez was transferred to Boston Medical Center where she was treated.

10. Ms. Gonzalez continued with follow-up treatment at the Massachusetts General Hospital for wound care and evaluation for several months following the incident.

11. Ms. Gonzalez continues to suffer from scars on her face and neck, that she will ultimately carry for the duration of her life.

12. At all material times hereto, Plaintiff followed the instructions on the packaging and was never warned or instructed that prolonged exposure would result in serious burns on her face and neck.

13. Defendant's product failed to adequately warn and instruct users as to the potential dangers of prolonged use. The external "Caution" portion of the packaging did not reasonably inform its users of the risks associated with prolonged exposure to the chemical compound.

14. The instructions on both the Defendant's Amazon distribution page as well as on the product's Question and Answer Section, attached hereto as Exhibit A, directly state, "Ariella Skin Tag Remover and Repair Patch does not cause any adverse effects on the body". It further states, "The main ingredients are natural fruit acids, comfrey, mint, and other natural ingredients. It is very safe" (Exhibit A)

15. The directions on the product are unclear about the method of application. The Tips section of the instructions, attached hereto as Exhibit A, indicate that the skin tag remover should be washed away after three hours

16. In *Spruill v. Boyle-Midway, Incorporated, 308. F. 2d* (4th Cir. 1962), the Court states, "The content of the warning must be of such a nature as to be comprehensive to the average user and to convey a fair indication of the nature and extent of the danger to the find of a reasonably prudent person".

17. As to the product in question, there is no warning on the instructions or anywhere where the product is distributed, that would lead a reasonably prudent person to be wary of any potential dangers of using this product.

18. The Defendant, Reel Halo, LLC, had the responsibility to reasonably inform and adequately warn users of any associated risks.

19. At all times relevant hereto, Defendant failed to provide sufficient warnings and instructions that would have put Plaintiff on notice of the dangers and adverse effects caused by this product.

## COUNT I
## (NEGLIGENCE)

20. The plaintiff repeats, realleges, and incorporates by reference as set forth hereto in their entirety Paragraphs 1 through 19 of this Complaint.

21. At all times relevant to this action, the Defendant was in the business of designing, developing, manufacturing and selling the Ariella Skin Tag Remover and Repair Patch products.

22. At all times relevant to this action, Defendant had a duty to exercise reasonable care and to comply with the existing standards of care in their preparation, design research, development, manufacture, inspection, labeling, marketing, promotion, and sale of the skin tag products, which Defendants introduced into the stream of commerce, including a duty to ensure users would not suffer from unreasonable, dangerous adverse side effects.

23. At all times relevant to this action, Defendant had a duty to warn consumers of the risks, dangers and adverse side effects of this Skin Tag remover product.

24. At all times relevant to this action, Defendant knew or reasonably should have known that this Skin Tag Remover was unreasonable dangerous and defective when used as direction and as designed, including but not limited to burning and scarring of the skin where applied.

25. Based on what Defendant knew or reasonably should have known, Defendant deviated from principles of due care, deviated from the standard of care, and were otherwise negligent in failing to instruct or warn the consumers that were potential adverse effects of the product.

26. On or around May 19, 2020 Plaintiff applied Ariella Skin Tag Remover and Repair Patch to her skin for approximately 12-15 minutes.

27. Upon removal, Plaintiff experienced an extreme burning sensation, subsequently leading to significant burn wounds on her face and neck, causing her to seek treatment at three different medical facilities.

28. The product defects alleged above and failure to exercise due care when distributing the product were a substantial contributing cause of the injuries and damages suffered by Plaintiff.

29. The injuries and damages suffered by Plaintiff were reasonably foreseeable results of Defendant's negligence.

30. As a direct and proximate result of Defendant's negligence, Plaintiff suffered from serious burns on her face and neck, ultimately causing facial scarring, requiring multiple trips to medical professionals. Plaintiff will also require future medical care including but not limited to further pain management and potential plastic surgery. In addition, Plaintiff has suffered mental distress and anguish, depression, physical pain, anxiety and many other exacerbating life consequences.

31. By reason of the foregoing, Defendant is liable to the Plaintiff for damages as a result of tis failure to warn and/or adequately warn the Plaintiff of the risk of serious injury and adverse effects of prolonged exposure.

## COUNT II
### (PRODUCTS LIABILITY – FAILURE TO WARN)

32. The plaintiff repeats, realleges, and incorporates by reference as set forth hereto in their entirety Paragraphs 1 through 31 of this Complaint.

33. Ariella Skin Tag Remover and Repair Patch was defective and unreasonably dangerous when they left the possession of Defendant in that they contained warnings insufficient and inadequate to alert consumers, including Plaintiff, of the dangerous risks associated with the subject product, including but not limited to burning of the skin during prolonged exposure.

34. Information provided by Reel Halo, LLC to the amazon community and any other product consumers concerning the safety and efficacy of the Ariella Skin Tag Remover and Repair Patch did not accurately reflect the serious and dangerous adverse effects Plaintiff could suffer.

35. At all times relevant hereto, the Ariella Skin Tag Remover and Repair Patch was dangerous and presented a substantial danger to consumers who used this product on any part of their body, and the risks and dangers were known or reasonably should have been known at the times of distribution to Plaintiff. Ordinary consumers would not have reasonably recognized the potential risks and dangers the Ariella Skin Tag Remover and Repair Patch posed to consumers, because its use was to promote the health and skin of the consumers.

36. Had adequate warnings and instructions been provided, Plaintiff would have not purchased Ariella Skin Tag Remover and Repair Patch and would not have applied this product on her skin, thus would not have been at risk of the harmful injuries described herein.

37. The defendant failed to provide warnings of such risks and dangers to the Plaintiff as described herein. Defendant's Skin Tag remover were defective due to inadequate warning and instruction because after Defendant knew or reasonably should have known of the risk of injury, they failed to provide adequate warnings to the consumers and continued to promote the skin tag remover as safe and effective that "does not causes any adverse effects".

38. Defendant knew or should have known that the warnings that were given failed to properly warn of the increased risks of serious injury and adverse effects caused by the Ariella Skin Tag Remover and Repair Patch.

39. The defective and inadequate warning on the labeling of the product as well as any instructions provide were substantial factors in bringing about injuries to the Plaintiff.

40. As a direct and proximate result of Defendant's negligence, Plaintiff suffered from serious burns on her face and neck, ultimately causing facial scarring, requiring multiple trips to medical professionals. Plaintiff will also require future medical care including but not limited to further pain management and potential plastic surgery. In addition, Plaintiff has suffered mental distress and anguish, depression, physical pain, anxiety and many other exacerbating life consequences.

41. By reason of the foregoing, Defendant is liable to the Plaintiff for damages as a result of its failure to warn and/or adequately warn the Plaintiff of the risk of serious injury and adverse effects of prolonged exposure.

**REQUEST FOR RELIEF**

WHEREFORE, the Plaintiff request that this Court:

a. Enter judgment for the Plaintiff and against the Defendant on all Counts;

b.  Award the Plaintiff damages, including multiple damages as determined at trial, plus interest and costs;
c.  Grant Punitive Damages;
d.  Award the Plaintiff their attorney's fees; and
e.  Grant the Plaintiff such other relief as the Court deems just.

Respectfully submitted,

Ivellisse Gonzalez

By her attorney,

Audai Cote /s/
_____
Audai C. Cote BBO # 695543
Georges Cote LLP
235 Marginal Street
Chelsea, MA 02150
(617) 491-9122
acote@georgescotelaw.com

Dated: June 15, 2021